**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4850**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL ALEXANDER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Chief District Judge.  (1:14-cr-00412-CCB-5)

Submitted:  July 31, 2017                                    Decided:  August 8, 2017

Before SHEDD, WYNN, and THACKER, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Marta K. Kahn, THE LAW OFFICE OF MARTA K. KAHN, LLC, Baltimore, Maryland, for Appellant.  Peter Jeffrey Martinez, Jason Daniel Medinger, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Alexander appeals his conviction and 18-month sentence for conspiracy to distribute oxycodone and alprazolam. Alexander's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Alexander's guilty plea was voluntary, whether the district court erred in denying his motion to withdraw his plea, and whether his sentence is substantively unreasonable. Alexander was advised of his right to file a pro se supplemental brief, but he has not filed one. The Government has moved to dismiss the appeal as barred by Alexander's waiver of the right to appeal included in his plea agreement.

> A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary. We review the issue of whether a defendant effectively waived his right to appeal de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver.

*United States v. Davis*, 689 F.3d 349, 354-55 (4th Cir. 2012) (internal citation omitted). "An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent," which we determine by assessing the totality of the circumstances. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). However, such a waiver "will not bar appellate review of the denial of a motion to withdraw the underlying guilty plea when the plea-withdrawal motion incorporates a *colorable* claim that the plea agreement itself—and hence the waiver of appeal rights that it contains—is tainted by constitutional error." *United States v. Attar*, 38 F.3d 727, 733 n.2 (4th Cir. 1994).

2

> A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a withdrawal. The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted.

*United States v. Nicholson*, 676 F.3d 376, 383-84 (4th Cir. 2012) (internal citation and quotation marks omitted); *see* Fed. R. Crim. P. 11(b); *see also United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991) (listing other pertinent factors). We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *Nicholson*, 676 F.3d at 383.

Having carefully examined the record, including the transcript of the Rule 11 hearing, we conclude that Alexander entered his guilty plea voluntarily and with the close assistance of competent counsel, and that the district court was within its discretion to deny his motion to withdraw it. Consequently, while we deny the Government's motion to dismiss Alexander's claims relating to his guilty plea, we find his arguments unavailing and affirm his conviction. We further hold that Alexander knowingly and voluntarily waived his right to appeal, and that the sentencing issues his counsel seeks to raise on appeal fall squarely within the scope of the appellate waiver. We therefore grant the Government's motion to dismiss Alexander's appeal of his sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Alexander's conviction and grant the Government's motion to dismiss his appeal of his sentence. This court requires that counsel inform Alexander, in writing, of the right to petition the Supreme Court of the United States for further review. If Alexander requests that a

3

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Alexander.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*